IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD JORDAN, et al.,** : | |
| : | CIV NO. 3:20-CV-414 |
| : | |
| **Plaintiffs,** : | (Judge Mariani) |
| : | |
| v. : | (Magistrate Judge Carlson) |
| : | |
| **SOUTHWESTERN ENERGY CO. et al.,** : | |
| : | |
| **Defendants.** : | |

## MEMORANDUM OPINION

### I.    Factual Background

This case involves an oil and gas lease royalty dispute. We are overseeing on-going discovery in this litigation and, in that role, are called upon to address a motion for protective order filed by the defendants (Doc. 22), which seeks to require the plaintiffs to agree to treat certain discovery materials as confidential. This dispute is regrettable and perhaps unnecessary. Had counsel been able to cooperate amicably, they likely could have reached an agreement concerning a stipulated protective order. Indeed, parties often stipulate to such orders. In this case, however, the plaintiffs have objected to the entry of a protective order, and the parties' filings suggest that they have not been able to engage in a meaningful dialogue aimed at resolving their dispute, thus inspiring this discovery motions practice.

As we understand it, at bottom this dispute involves fundamental

1

disagreements concerning both what constitutes matters of confidentiality and the scope of appropriate responses to the discovery demands propounded by the plaintiffs. On this score, the defendants seek a protective order stipulating the confidential treatment of discovery materials because the defense believes that complete responses to these discovery demands will necessarily call for the defendants to disclose private information relating to third parties, confidential pricing information, and the terms of agreements that parties have deemed confidential.

The plaintiffs disagree. Noting that their discovery demands only seek information specifically relating to their oil and gas lease, the plaintiffs seem to disclaim any interest in receiving any of the other classes of information that concern the defendants. Thus, as we understand it, the plaintiffs insist that they do not seek disclosure of private information relating to third parties, release of pricing information beyond information specifically related to their lease, or the terms of other agreements that they are not privy to and that have been deemed by those parties to be confidential. On this score, the plaintiffs insist that:

> Plaintiffs' document request was carefully drafted to relate to Plaintiffs only. The only document request which could in any way involve the production of sensitive commercial information would be those document requests which would involve the disclosure of the third parties to whom Plaintiffs' gas was ultimately sold. As to those documents . . . Plaintiffs would agree to confidentiality.

(Doc. 24, at 7-8).

Our own evaluation of this motion is hobbled by the fact that we lack sufficient information to make fully informed judgments concerning which of these competing views regarding the appropriate scope of discovery is factually correct and what potentially relevant information should be cloaked in confidentiality. In particular since we do not know what information the defense possesses that it believes is responsive to these requests but is cloaked in confidentiality, we are unable to assess the degree to which the defendants' discovery responses would actually entail disclosure of confidential material. What we can discern, however, is that many of the plaintiffs' discovery demands seem to only call for disclosure of information pertaining to their lease and royalties. For example, the plaintiffs' discovery demands seek "documents relating to or referring to, directly or indirectly, the acquisition of Plaintiffs' lease from WPX;" "documents relating to or referring to, directly or indirectly, any communications with WPX concerning Plaintiffs' lease and how Plaintiffs' royalties were to be paid and how Plaintiffs' royalty was determined and paid by WPX;" "documents relating to or referring to, directly or indirectly, the sales of Plaintiffs' gas in an arm's length transaction to third parties;" and "documents relating to or referring to or used, directly or indirectly, by SWNP in calculating Plaintiffs' royalties." (Doc. 23-1).

Having considered the competing positions of the parties, and recognizing that the litigants could have potentially avoided this dispute through a more cooperative

3

approach to discovery, as discussed below, the motion for protective order will be granted, in part and denied, in part.

## II. Discussion

### A. Guiding Legal Principles

The resolution of this discovery dispute is guided by familiar legal principles. The scope of discovery is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26 also prescribes standards for protective orders, standards that emphasize the court's discretion in fashioning discovery relief, and provide as follows:

> **(c) Protective Orders.**
>
> **(1)** *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue

> an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> **(A)** forbidding the disclosure or discovery;
> **(B)** specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> **(C)** prescribing a discovery method other than the one selected by the party seeking discovery;
> **(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> **(E)** designating the persons who may be present while the discovery is conducted;
> **(F)** requiring that a deposition be sealed and opened only on court order;
> **(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> **(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c).

As the text of Rule 26 implies, decisions regarding the proper scope of discovery and the reach of protective orders are matters consigned to the court's discretion and judgment. Therefore, a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585

5

> (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

When presented with claims that discovery disclosures may reveal confidential or trade secret information, it is also well-settled that:

> The paradigm for assessing requests for compelled disclosure of trade secret information involves a straightforward assessment of the competing interests of the parties. In this setting:
>
>> The courts have developed a balancing test for discovery of information that one party claims would result in undue harassment, oppression, or embarrassment. This test requires the trial judge to weigh the interests of both parties in deciding whether or not to protect the information. A three pronged test has developed in regards to trade secrets. For a protective order to be granted, a party must show that the information is confidential and that the disclosure would be harmful. The burden then shifts to the party seeking disclosure to show that the information sought is relevant and necessary at this point in the litigation. Centurion Industries, Inc. v. Warren Steurer and Associates, 665 F.2d 323 (10th Cir. 1981); Empire of Carolina v. Mackle, 108 F.R.D. 323 (S.D. Fla.

6

1985).

Kaiser Aluminum & Chemical Corp. v. Phosphate Engineering and Const. Co., Inc., 153 F.R.D. 686, 688 (M.D. Fla. 1994). See also Mannington Mills, Inc. v. Armstrong World Indus., Inc., 206 F.R.D. 525, 528 (D. Del. 2002).

RyCon Specialty Foods, Inc. v. Wellshire Farms, Inc., No. 1:09-CV-2092, 2011 WL 1342998, at *7 (M.D. Pa. Apr. 7, 2011), report and recommendation adopted, No. 1:09-CV-2092, 2011 WL 1988016 (M.D. Pa. May 23, 2011). The law also prescribes the applicable burdens of proof and persuasion for those who seek to limit the disclosure or use of otherwise relevant evidence on confidentiality grounds. In this regard:

> Under Rule 26(c) . . ., a protective order may issue to protect trade secrets or other confidential research, development, or commercial information. Smith v. Bic Corp., 869 F.2d 194, 199 (3d Cir. 1989). The party seeking protection has the burden of showing that it is entitled to the protection sought. Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). Establishing that a particular document is a trade secret requires specific showings, and the party seeking to shield potentially responsive information from disclosure as a trade secret faces a high burden. Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109-110 (3d Cir. 2010). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking [to prevent] disclosure. The injury must be shown with specificity." Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not establish good cause. Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986).

Jeddo Coal Co. v. Rio Tinto Procurement (Singapore) PTD Ltd., No. 3:16-CV-621, 2018 WL 1635153, at *3 (M.D. Pa. Apr. 5, 2018). In making this assessment the

7

Third Circuit has instructed us that:

> In considering whether good cause exists for a protective order, the federal courts have generally adopted a balancing process. Arthur R. Miller, Confidentiality, Protective Orders, and Public Access to the Courts, 105 Harv.L.Rev. 427, 432–33 (1991). The balancing conducted in the discovery context should be applied by courts when considering whether to grant confidentiality orders at any stage of litigation, including settlement:
>
>> [T]he court ... must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled. When the risk of harm to the owner of [a] trade secret or confidential information outweighs the need for discovery, disclosure [through discovery] cannot be compelled, but this is an infrequent result.
>>
>> Once the court determines that the discovery policies require that the materials be disclosed, the issue becomes whether they should "be disclosed only in a designated way," as authorized by the last clause of Rule 26(c)(7).... Whether this disclosure will be limited depends on a judicial balancing of the harm to the party seeking protection (or third persons) and the importance of disclosure to the public. Courts also have a great deal of flexibility in crafting the contents of protective orders to minimize the negative consequences of disclosure and serve the public interest simultaneously.
>
> Id. at 433–35 (footnotes omitted).

Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994).

> In practice, the following:
>
> factors, which are neither mandatory nor exhaustive, . . . may be considered in evaluating whether "good cause" exists:
>
> 1) whether disclosure will violate any privacy interests;

2) whether the information is being sought for a legitimate purpose or for an improper purpose;

3) whether disclosure of the information will cause a party embarrassment;

4) whether confidentiality is being sought over information important to public health and safety;

5) whether the sharing of information among litigants will promote fairness and efficiency;

6) whether a party benefitting from the order of confidentiality is a public entity or official; and

7) whether the case involves issues important to the public.

Glenmede Tr. Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995).

It is self-evident from these guiding legal benchmarks that informed decision-making in this field calls for the exercise of discretion balancing an array of often fact-bound and fact-specific consideration.

## B. The Motion Will Be Granted in Part and Denied in Part.

Judged by these standards, upon careful consideration of the parties' positions, we will grant this motion for protective order in part, as follows:

First, to the extent that the plaintiffs' discovery demands call for production of sensitive commercial information that involves the disclosure of the third parties to whom the plaintiffs' gas was ultimately sold, given the plaintiffs' concession that this information is confidential, the motion is GRANTED and this information will

be disclosed subject to a confidentiality order that prohibits its disclosure, dissemination or release, except as agreed upon by the parties or as ordered by the court.

Second, to the extent that the plaintiffs assert that they simply seek information relating to their leases which does not in any way involve the production of sensitive commercial information, contracts deemed confidential, or the identities of unrelated third parties, IT IS ORDERED that the defendants shall produce any such information that is in their possession, custody or control.

Third, we recognize that there may well remain a body of material that the defendants believe to be confidential and potentially responsive to the plaintiffs' requests, notwithstanding the plaintiffs' insistence that they do not seek confidential data. While the preferred course would have been for the parties to have agreed in advance to a protocol for sharing this information, in light of the plaintiffs' objections to any confidentiality order, we cannot determine the confidentiality of this data in the abstract or in a wholesale fashion. Accordingly, IT IS ORDERED that the defendants will prepare a privilege log identifying this confidential data and the basis for this confidentiality claim, and serve that privilege log upon the plaintiffs. The parties must then consult and confer regarding procedures for reconciling the plaintiffs' discovery needs with the defendants' concerns of

confidentiality. Any matters that cannot be resolved by the parties will then be referred to the court.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD JORDAN, et al.,** | : | |
| | : | **CIV NO. 3:20-CV-414** |
| | : | |
| **Plaintiffs,** | : | **(Judge Mariani)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **SOUTHWESTERN ENERGY CO. et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

In accordance with the accompanying Memorandum Opinion, IT IS ORDERED that the defendants' Motion for Protective Order, (Doc. 22), is GRANTED in part and DENIED in part as follows:

First, to the extent that the plaintiffs' discovery demands call for production of sensitive commercial information that would involve the disclosure of the third parties to whom Plaintiffs' gas was ultimately sold, given the plaintiffs' concession that this information is confidential, the motion is GRANTED and this information will be disclosed subject to a confidentiality order that prohibits its disclosure dissemination or release, except as agreed upon by the parties or as ordered by the court.

Second, to the extent that the plaintiffs assert that they simply seek information relating to their leases that does not in any way involve the production of sensitive commercial information, contracts deemed confidential, or the identities of unrelated third parties, IT IS ORDERED that the defendants will produce any such information which is in their possession, custody or control.

Third, as to any remaining body of material that the defendants believe to be confidential and potentially responsive to the plaintiffs' requests, IT IS ORDERED that within 30 days the defendants will prepare a privilege log identifying this confidential data and the basis for this confidentiality claim and serve that privilege log upon the plaintiffs. The parties must then consult and confer regarding procedures for reconciling the plaintiffs' discovery needs with the defendants' concerns of confidentiality. Any matter that cannot be resolved by the parties will then be referred to the court for resolution.

So ordered this 21st day of January 2021.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge